IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR HERNANDEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0498-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Hector Hernandez, a Texas prisoner, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2001, a Texas jury convicted petitioner of robbery. Punishment, enhanced by a prior felony conviction, was assessed at 25 years confinement and a $1,500 fine. His conviction and sentence were affirmed on direct appeal. *Hernandez v. State*, No. 05-01-00223-CR, 2003 WL 21463661 (Tex. App.--Dallas, Jun. 25, 2003, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. One application was dismissed for noncompliance with Tex. R. App. P. 73.2.[1] *Ex parte Hernandez*, No. 59,268-01 (Tex. Crim. App. Aug. 31, 2004). The other

---

[1] Tex. R. App. P. 73.2 provides:

> The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of

application was denied without written order. *Ex parte Hernandez*, No. 59,268-02 (Tex. Crim. App. Feb. 7, 2007). Petitioner then filed this action in federal district court.

II.

Petitioner raises four broad issues in six grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) the trial court failed to suppress an improperly suggestive out-of-court identification; (3) the prosecutor failed to disclose evidence favorable to the defense; and (4) he received ineffective assistance of counsel.

On May 22, 2007, respondent filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner was invited to address the limitations issue in written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

1.

Petitioner was sentenced to 25 years confinement for robbery. The court of appeals affirmed his conviction on June 25, 2003 and the Texas Court of Criminal Appeals refused a petition for discretionary review on April 7, 2004. Therefore, petitioner's conviction became final for limitations purposes 90 days thereafter on July 6, 2004, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari to United States Supreme Court); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on July 5, 2005, just one day before the expiration of the AEDPA statute of limitations.[2] The application was denied on February

---

[2] Petitioner's prior state writ, which was filed on April 28, 2004 and dismissed for noncompliance with Tex. R. App. P. 73.2 on August 31, 2004, does not toll the AEDPA statute of limitations because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *See Edwards v. Dretke*, 116 Fed. Appx. 470, 471, 2004 WL 2278502 at *1 (5th Cir. Oct. 6, 2004) (citing cases).

7, 2007. Petitioner waited 36 more days, until March 15, 2007, before filing this action in federal court.

It is clear from the face of the record that petitioner's federal writ is time-barred. Even if the statute of limitations is tolled while his properly filed state writ was pending, petitioner still waited more than one year after his state conviction became final before seeking habeas relief in federal court. No explanation has been offered to justify or excuse this delay. Consequently, this case should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE